**ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

October 8, 2013

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 905
New York, New York 10007
*sullivanNYSDchambers@nysd.uscourts.gov*

      Re:    In re Tribune Company Fraudulent Conveyance Litigation, 11-MD-2296 (RJS); *Kirschner v. FitzSimons, et al.*, No. 12-CV-2652; *Kirschner v. Citigroup Global Markets Inc., et al.*, No. 12-CV-6055

Dear Judge Sullivan:

      As Liaison Counsel for the Plaintiff Litigation Trustee, the Named Defendants, and the Exhibit A Shareholder Defendants in the Committee Actions (all as defined in Master Case Order No. 3 ("MCO 3")), we are submitting this joint letter to address the "next steps" in this litigation as requested by this Court's September 23, 2013 Memorandum and Order ("Order"). (Order at 14.)

      **The Liaison Counsel for the Plaintiff report as follows:**

      1.    The Litigation Trustee intends to proceed with his fraudulent conveyance claims and will not abandon those claims. Accordingly, the Trustee will not seek leave to amend the Fifth Amended Complaint in that respect.

      2.    The October 8 deadline the Court set in the Order for the Liaison Counsel to confer with the parties and submit a joint letter was consistent with the procedure the Court included in paragraph 52 of MCO 3, which directed the parties to make a joint submission to the Court within 14 days after the entry of orders deciding the Phase One Motions.[1] The Liaison

---

[1] MCO 3 was entered on September 7, 2012, and thus the parties have been aware of the two-week window for a submission for more than a year. In anticipation of the Court's ruling on the Phase One Motions, the Litigation Trustee sought to initiate discussions with defendants' liaison counsel on the subject of Phase Two motions more than two months ago, without success.

Counsel have exchanged drafts of a proposed Master Case Order No. 4 ("MCO 4") and have conferred by conference call.  From these communications, the Litigation Trustee believes that there are some narrow subjects that need the Court's intervention at this time, while there are other areas in which the parties are so far apart that extended discussions between the Liaison Counsel will be required before these points can be presented to the Court for decision.  Accordingly, Plaintiff's Liaison Counsel see no reason to request any extension of time from the Court to make the instant submission, but remain willing to continue negotiations with Defendants' Liaison Counsel with a view to making another submission to the Court in approximately 30 days.

       3.       The areas in which the parties seem either to agree or to have relatively small disagreements are (a) the need for a process to register as many defendants as possible on the Court's electronic case filing ("ECF") system (an issue previously deferred by Judge Pauley), so the greatest number of parties can be timely informed of case developments; and (b) the need for a process to coordinate and schedule Phase Two motions to dismiss in a similar fashion to the way Phase One motions were handled.  The proposed MCO 4 submitted with this letter represents the Litigation Trustee's suggestion as to how these objectives should be accomplished.  In particular, the proposed order, tracking the procedure directed by Judge Pauley in paragraph 35 of MCO 3 for the Individual Creditor Actions, requires defendants in the *FitzSimons* action to enter appearances within prescribed time periods by registering with the Court for ECF, or, if they are appearing *pro se*, to provide an e-mail address (if they have one).  The proposed MCO 4 also sets out a 30-day schedule for the defendants' proposal of a protocol for Phase Two motions.

       4.       Given the substantial disagreement between the parties on other matters, the Litigation Trustee has not attempted to include proposals on those matters in its draft MCO 4.  Instead, the Litigation Trustee contemplates that these other matters will be further discussed at the same time the parties develop the Phase Two motion protocol, or at an earlier time if the Court desires.  These matters include authorization of certain limited discovery directed to party identification and claim amounts, development of a process to address defendant claims of "conduit" status, and other proposals that defendants have made.

       5.       The parties request that the Court decide the Plaintiff's pending Fourth Omnibus Motion to Enlarge the Time for Service of Summonses and Complaints (11-MD-2296 Doc. Nos. 2646-49 (moving papers), 2658 (opposition), 2661-62 (reply)).

       6.       Consistent with MCO No. 3, paragraph 32, counsel for defendant Sam Zell and affiliated entities seek to proceed with a Rule 11 motion and a related motion to dismiss and wish to ask this Court to set a briefing schedule for the same.  The Litigation Trustee believes that these motions should be coordinated with other motions to dismiss and that the timing of these motions should be concurrent with the timing of other motions.  To further explain this disagreement about the scheduling of these motions, the parties agree that Mr. Zell and affiliated entities will submit a letter to the Court setting forth their views as to the appropriate process for scheduling their Rule 11 motion and related motion to dismiss and that the Litigation Trustee may respond to that letter.  The Litigation Trustee reserves all rights with respect to Mr. Zell's motions.

**The Liaison Counsel for the Named Defendants and the Exhibit A Shareholder Defendants report as follows:**

### I.  Abandonment

7.  Defendants believe that, under the terms of the Order, the Litigation Trustee's response that he "will not abandon" his fraudulent conveyance claims is a clear, final, and irrevocable election to proceed on the merits with those claims. Based on exchanges between Defendants' Liaison Counsel and Plaintiff's Counsel, however, Defendants are concerned that the Litigation Trustee believes that he may abandon these claims at some later date in order to allow certain creditors to bring fraudulent conveyance claims "targeting the very same transactions" that the Trustee is attacking. (Order at 14.)[2] To the extent the Trustee does not view his decision to proceed with the fraudulent conveyance claims as a final and unequivocal decision, he should be required to say so expressly now.

### II.  Defendants' Proposal for Next Steps

8.  Defendants do not agree that there should now be an expedited process to identify all current motions to dismiss (and, in Plaintiff's view, all motions to dismiss that can ever be brought) when a variety of necessary, threshold steps are unresolved and critical procedural issues exist that should run in parallel with such a process. Paramount among these is the fact that Plaintiff still has not definitively identified the complete list of Defendants or, according to Plaintiff, completed service. As set forth at length in the objection to Plaintiff's motion seeking further extensions of his service periods (11-md-2296-RJS, Docket No. 2658), Plaintiff has already had three years to undertake discovery to identify defendants and effectuate service. Nevertheless, it remains Plaintiff's stated view that he has not yet completed identification of, or service upon, all of the defendants he intends to bring into the Committee Action. At even a more basic level, Plaintiff has rejected the idea that the two sides should work on a simple, short, and clear form of notice to inform parties – who have been told since they first received a summons, in some cases years ago, that this action is on hold and they need not do anything – that they will now be required to enter an appearance and take other steps in this litigation.

9.  Before this MDL proceeds, both for efficient judicial administration and coordination among the defense group, the Court and Defendants are entitled to know the universe of parties involved and devise procedures for administering these extraordinarily unwieldy cases. A deadline for service of process is particularly important in the Committee Action. Otherwise (and apparently in Plaintiff's view) new defendants can be served in the future, after coordinated motions to dismiss have been filed, argued, and decided. In order to coordinate any process for filing motions to dismiss by the broader defendant group, Liaison Counsel will need to know who that group includes. Plaintiff's proposal provides no explanation of how any such newly-served defendants could obtain an opportunity to file motions to dismiss or protect their due process rights to participate substantively in the litigation.

---

[2]  Plaintiffs in the Individual Creditor Actions filed a notice of appeal on September 30, 2013 (seven days after the Order here was issued).

10. Plaintiff sued over 5,000 defendants.[3] Many have not been served or filed appearances, consistent with the stay order previously provided by the Court. Numerous letters to the Court and similar communications to Liaison Counsel indicate that many of the Exhibit A Shareholder Defendants do not have counsel, are far from New York (in many cases not even in the United States), and are confused by the voluminous complaint and master case orders to date. As many as 2,000 defendants are alleged to have received $100,000 or less in proceeds from the transactions at issue.[4] Among other things, a clear notice (not simply service of a formal master case order) is required.

11. Furthermore, Plaintiff demands that all those defendants identify their particularized defenses in substantially less than 30 days (because a full proposal is supposed to be made by Liaison Counsel in 30 days). There is no exigency here. Every single defendant that Plaintiff brought into this action has fundamental due process rights. They have been expressly told to date that they needed to take no action, not even entering an appearance. Requiring each to find counsel, understand the claims, and identify all their particularized defenses within 30 days is unreasonable and not consistent with good case management. Even under applicable rules, if this were a simple one-on-one lawsuit, a defendant would have not less than 20 days to respond, and it is a near certainty that a court would grant a motion to extend the time for a response to a nearly 200-page Fifth Amended Complaint.

12. Defendants are proceeding as quickly as practicable. The Court's Order required the parties to submit this joint letter today, discussing proposed next steps and specifically addressing the abandonment issue set forth above. MCO 3, on which Plaintiff seems to rely, required that parties submit a joint MCO 4 if the parties could agree, and otherwise "submit a joint document describing the areas of agreement and disagreement." (MCO 3 ¶ 52.) This joint letter is both the direct response to this Court's Order of September 23, 2013, and exactly what is required by MCO 3 because the parties do not agree.

13. Defendants' Liaison Counsel have each worked with their Executive Committees to craft a proposed MCO for Phase Two that accounts for procedural and organizational steps that must be in place before briefing commences. They have submitted multiple proposals to Plaintiff's Liaison Counsel and circulated a draft of the proposed MCO to all defendants who have previously provided email addresses (noting that this will not necessarily include all defendants, because there is no requirement yet even to appear in the action).

14. Defendants' proposal for MCO No. 4 will contain a number of vital provisions to identify potential motions to dismiss, and coordinate and brief them. These provisions, which have been omitted from Plaintiff's current proposed MCO (and with which Plaintiff disagrees, we understand), include (for example):

---

[3] Plaintiff is also asserting an entirely separate defendant class consisting of an unknown number of alleged shareholders.

[4] Although Judge Pauley urged Plaintiff not to proceed against any parties where the claim was valued below $100,000, Plaintiff has not heeded that judicial advice and, to the contrary, attempts to reserve a decision to add more parties at a later, unspecified time.

- Clear and simple notice to Defendants that the action has restarted; not merely a mailing of a master case order.

- A mechanism for Plaintiff to identify all defendants that he has served and which among them he knows is represented by counsel.  This will ensure the Defendants can coordinate for Phase Two.  It will also help the Court's clerk make sure the ECF system, on which Plaintiff relies heavily for service going forward, is up-to-date and accurate.  At this time, it is neither.

- A similar mechanism for determining which Defendants Plaintiff intends to sue and a timetable for Plaintiff to make a final decision on that question.

- Provisions for effective coordination among this exceptionally large group of defendants created by the manner in which Plaintiff has brought these actions.

15. Defendants' Liaison Counsel has proposed to Plaintiff the following as next steps. First, the parties should talk and work with each other to identify and minimize disputes over all requested provisions in a proposed MCO No. 4.  Second, the parties should submit, by October 15, 2013, a single document for proposed MCO No. 4, identifying any areas of agreement and, if agreement cannot be reached on certain issues, alternative paragraphs and/or provisions.  At the same time, the parties would submit letters in support of the disputed provisions.

16. Instead, Plaintiff unilaterally submits its own proposed order with this letter. Accordingly, Defendants' Liaison Counsel will complete coordination with all defendants known to it, and submit its alternative proposed order by the above-suggested October 15, 2013 date.  Defendants' Liaison Counsel (as well as executive committee members including Zell defendants) are, of course, happy to appear for a status hearing to discuss matters with the Court and receive further guidance.

The undersigned are available to discuss these matters with the Court at its convenience.

Respectfully submitted,

| | |
|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP | GRIPPO & ELDEN LLC |
| By: /s/ Michael L. Waldman<br>     Michael L. Waldman | By: /s/ John R. McCambridge<br>     John R. McCambridge |
| *Liaison Counsel to the Litigation Trustee in Kirschner v. FitzSimons, et al.* | *Liaison Counsel to the Named Defendants in the Committee Actions* |
| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | ROPES & GRAY LLP |
| By: /s/ Robert J. Lack<br>     Robert J. Lack | By: /s/ D. Ross Martin<br>     D. Ross Martin |
| *Liaison Counsel to the Litigation Trustee in Kirschner v. Citigroup Global Markets Inc., et al.* | *Liaison Counsel to the Exhibit A Shareholder Defendants in Kirschner v. FitzSimons, et al.* |

Attachment